Filed 9/6/13  P. v. Pompey CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ANTHONY POMPEY,<br><br>    Defendant and Appellant. | H038897<br>(Santa Clara County<br>Super. Ct. No. 211412) |

Pursuant to a negotiated disposition, on August 3, 2012, James Pompey pleaded guilty to one count of conspiracy to commit a crime, to wit sell cocaine (Pen. Code, § 182, subd. (a)(1), Health & Saf. Code, § 11352, count nine) one count of possession of over $100,000 for purchase of a controlled substance (Health & Saf. Code, § 11370.6, count 26) and one count of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1), count 27).[1]  Defendant admitted that the narcotics involved in the conspiracy to sell cocaine exceeded 80 kilograms, 40 kilograms, and 10 kilograms in weight and that he was substantially involved in the planning, direction, execution, or financing of the offense.  (Health & Saf. Code, § 11370.4, subd. (a)(3), (5) & (6).)  Further, he admitted that he had a prior conviction for possession for sale of cocaine

---

[1]    Section 12021 was repealed effective January 1, 2012, (Stats. 2010, ch. 711, § 4) and reenacted with some changes as section 29800 (Stats. 2010, ch. 711, § 6, operative January 1, 2012).

(Health & Saf. Code, § 11351.5) within the meaning of Health and Safety Code section 11370.6.[2]

In exchange for his guilty pleas, defendant was promised a 16 year eight month prison sentence to be served concurrently with a federal sentence that had been imposed.

On August 9, 2012, the court sentenced defendant pursuant to the terms of the negotiated disposition; the court imposed the upper term of five years for the conspiracy to sell cocaine with a consecutive 10 years for the weight enhancement, plus one year (one third the midterm) for possessing money to purchase a controlled substance and an eight month consecutive sentence for the felon in possession charge. The court imposed various fines and fees and awarded defendant a total of 2481 days of presentence custody credits.

Defendant filed a timely notice of appeal. He sought, but was denied a certificate of probable cause. In his request for a certificate of probable cause, defendant alleged that the pleas in this case were contingent upon him being sentenced concurrently to his existing federal sentence in Georgia. He asserted that he was supposed to be released from the custody of the State of California on August 9, 2012, so that federal custody credits would accrue, and the balance of his California sentence was to be served in the federal facility. Defendant stated that in spite of efforts by the parties and the court, he remained in the custody of the State of California and had not been released to federal custody. He sought to withdraw his plea because "the plea agreement in this case as adopted by the parties and accepted by the Court [could] not be effectuated."

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was

---

[2]    The conspiracy was alleged to have occurred on or about and between August 1, 2008, and the possession of the funds and possession of a firearm on March 18, 2009.

2

notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On June 17, 2013, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there is no arguable issue on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.)

*Facts and Proceedings Below*

On June 25, 2009, the Santa Clara County District Attorney filed a grand jury indictment in case number 211412. The indictment charged defendant along with numerous other defendants with a total of 29 counts relating to a conspiracy to sell cocaine. Specifically as to defendant he was charged with conspiracy to commit a crime, to wit sell cocaine (Pen. Code, § 182, subd. (a)(1), Health & Saf. Code, § 11352, count nine) one count of possession of over $100,000 for purchase of a controlled substance (Health & Saf. Code, § 11370.6, count 26) and one count of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1), count 27). In the indictment it was alleged that the narcotics involved in the conspiracy to sell cocaine exceeded 80 kilograms, and 40 kilograms in weight and that defendant was substantially involved in the planning, direction, execution and financing of the offense, and that defendant had a prior narcotics conviction.

According to the grand jury indictment, on March 4, 2009, Jose Vargas-Alvarez possessed 135 kilograms of cocaine at a location in Southern California. Defendant admitted that between December 2, 2008 and March 18, 2009, he had several telephone calls with Vargas-Alvarez concerning purchasing large quantities of cocaine; that on

3

February 25, 2009, Vargas-Alvarez's drug courier delivered 10 kilograms of cocaine to him; that on March 1, 2009, Vargas-Alvarez's drug courier delivered 13 kilograms of cocaine to him; and that on March 12, 2009, Vargas-Alvarez's drug courier delivered 20 kilograms of cocaine to him. Further, defendant admitted that on March 18, 2009, he had $144,001 in illegal drug proceeds and a gun at 36676 Port Fogwood, Newark, California.

Before defendant entered his pleas and admissions he was advised of and waived his constitutional rights to a jury trial, to present a defense, to confront the witnesses against him and his right not to incriminate himself. He was advised of the collateral consequences of his pleas including immigration consequences and that certain fines and fees would be imposed. The court informed defendant that his maximum exposure for the crimes to which he would be entering his pleas and admissions was 34 years eight months. Defendant acknowledged that he understood. Counsel stipulated to a factual basis for defendant's pleas "based on the offense reports." Defendant waived his right to appeal his convictions except if an issue arose with the order for his release to federal marshals.

On September 27, 2012, Judge Cena ordered that defendant be released from the custody of the State of California Department of Corrections, and be turned over to the United States Federal Marshals pursuant to a federal detainer. It appears that defendant was sentenced on February 9, 2012, to a 70 month federal prison sentence to be served in Georgia. The record is silent as to whether defendant is still in the custody of the California Department of Corrections or is serving his prison time in Georgia.

*Conclusion*

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The fines and fees imposed were supported by the law and facts. Defendant received the sentence he was promised. At all times, defendant was represented by competent counsel.

4

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

5